IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CHRISTY MAY NUNN,                         )
                                          )
              Plaintiff,                  )      Case No. 11-6325-HO
                                          )
                   v.                     )      ORDER
                                          )
Commissioner of Social Security,          )
                                          )
              Defendant.                  )
_____)

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social security disability benefits.

The Commissioner moves to dismiss. Section 405(g) requires exhaustion of remedies before seeking judicial review. Plaintiff

1 - ORDER

failed to timely request a hearing after her initial application for benefits was denied.  Plaintiff's request for a good cause exception was also denied, but plaintiff's failure to exhaust can be waived by the court:

> Following City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462, we adopted a three-part test for determining whether a particular case merits judicial waiver of § 405(g)'s exhaustion requirement. Johnson, 2 F.3d at 921. "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Id. (citing Briggs, 886 F.2d at 1139).

Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003).

Plaintiff does not raise a colorable collateral challenge here.  The claim is solely for benefits and thus waiver is not appropriate.   See Heckler v. Ringer, 466 U.S. 602, 614 (1984) (where the claims for benefits are "inextricably intertwined" with the Secretary's procedures, administrative exhaustion pursuant to section 405(g) must be respected).  Moreover, an administrative hearing in this case would have served to develop the record and permit the agency to apply its expertise to the claim, demonstrating that exhaustion would not have been futile.

The Act limits judicial review of the Commissioner's decisions to "any final decision ... made after a hearing." 42 U.S.C. § 405(g). A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision and, therefore, is not subject to judicial review.

2 - ORDER

Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Sanders, however, recognized an exception where the constitution is implicated.  Id. at  109.   The  Sanders  exception  applies  to  any  colorable constitutional claim of a due process violation that implicates the right to a meaningful opportunity to be heard.   Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997).   A challenge that is not "wholly insubstantial, immaterial, or frivolous" raises a colorable constitutional claim. Boettcher v. Sec'y of Health & Human Serv., 759 F.2d 719, 722 (9th Cir. 1985).

In this case, plaintiff asserts that she missed the deadline for requesting a hearing before an ALJ because she is severely impaired by anxiety and depression, as well as by avoidant and dependant personality features.  Plaintiff asked the ALJ to extend the deadline because she had been mislead into believing her counselor at South Lane Medical Mental Health filed a request for hearing for her.

Under 20 C.F.R. § 416.1411, good cause for missing a deadline may be demonstrated by physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevent filing a timely request or knowing about the need to file a timely request for review.

Due process requires that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied.   Mathews v. Eldridge, 424 U.S. 319, 333

3 - ORDER

(1976).   SSR 91-5p provides that if a claimant presents evidence
that mental incapacity prevented her from requesting timely review
of an administrative action, and the claimant had no one legally
responsible for prosecuting the claim on her behalf at the time of
the prior adverse action, the Administration "will determine
whether or not good cause exists for extending the time to request
review." SSR 91-5p. "The claimant will have established mental
incapacity for the purpose of establishing good cause when the
evidence establishes that he or she lacked the mental capacity to
understand the procedures for requesting review." SSR 91-5p. In
making the 91-5p determination, the following four factors must be
considered: (1) inability to read or write; (2) lack of facility
with the English language; (3) limited education; and (4) any
mental or physical condition which limits the claimant's ability to
do things for him/herself. SSR 91-5p. In all cases, "[t]he
adjudicator will resolve any reasonable doubt in favor of the
claimant." SSR 91-5p.   If it is determined, applying the proper
criteria, that the claimant lacked the mental capacity to
understand the procedures for requesting review, time limits are
tolled "regardless of how much time has passed since the prior
administrative action." SSR 91-5p.

     While plaintiff had apparent help with her claim, the
counselor was under no obligation to help. Plaintiff has presented
medical records demonstrating her ability to communicate is below

4 - ORDER

average and that she loses clarity when she becomes anxious.   Ex.
E to Response (#14).  Further, there is support for a finding that
plaintiff has difficulty holding thoughts and displays a limited
fund of knowledge.   Ex.  F.  to  Response  (#14)  at  p.  1.
Additionally, plaintiff is a poor communicator, demonstrates
marginal logic, judgment and abstract thinking.   Id. at p. 5.
Psychological evaluations also reveal poor abstracting abilities,
academic achievement at the 4.5 grade level, severe anxiety, and
difficulty understanding and remembering instructions.   Ex. G to
Response (314) at pp. 4-5.

It does not appear that the ALJ considered SSR 91-5p in
denying the request for an extension.   Substantial evidence
supports a finding that plaintiff lacked the mental capacity to
understand the procedures to request review and  any reasonable
doubt is resolved in favor of plaintiff.  Therefore the denial of
a request for an extension to request a hearing constitutes a
denial of due process.  Accordingly, the case is remanded to the
Commissioner so that the agency can rule on the merits of the
plaintiff's disability claim.   Udd v. Massanari, 245 F.3d 1096,
1102 (9th Cir. 2001).

5 - ORDER

## CONCLUSION

The Commissioner's motion to dismiss (#8) is denied. The case is reversed and remanded for a hearing on the merits.

DATED this ___**30th**___ day of __Jan__ . ___, 2012.

_Michael R. Hogan_
UNITED STATES DISTRICT JUDGE

6 - ORDER